UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOUGLAS GROSS,

               Petitioner,

   -vs-

SUPERINTENDENT FIVE POINTS
CORRECTIONAL FACILITY

               Respondent.

_____

**DECISION AND ORDER**
**No. 11-CV-00927(MAT)**

## I.   Introduction

*Pro se* Petitioner ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered November 1, 2005, in New York State, Supreme Court, Monroe County, convicting him, upon a jury verdict, of Murder in the Second Degree (N.Y. Penal Law ("Penal Law") § 125.25[1]) and two counts of Manslaughter in the First Degree (Penal Law § 125.20[1]).

## II.  Factual Background and Procedural History

### A.   Indictment & Pre-Trial

A Monroe County Grand Jury charged Petitioner with three counts of Murder in the First Degree (Penal Law § 125.27), two counts of Murder in the Second Degree (Penal Law § 125.25[2]), and Criminal Possession of a Weapon in the Second Degree (Penal Law

§ 265.03[3]).[1]   The charges arose from a shooting incident that occurred on June 11, 2000 at 53 Romeyn Street in the City of Rochester, New York.  See Resp't Ex. A at 5-8.

Prior to trial, a Wade and Huntley hearing[2] were conducted, at the close of which the trial court denied suppression.  See Resp't Ex. A at 287-288.

## B.   Trial

On June 11, 2000, Jermaine Gross drove Petitioner and Timothy Davis ("Davis") to Romeyn Street, where Davis handed Petitioner a handgun.  Trial Trans. [T.T.] 677-752.  Thereafter, Petitioner went to 53 Romeyn and fatally shot Josue Calloway, Gary Green and Soueuth Heme.  Petitioner was arrested after witnesses placed him on Romeyn Street, and one witness placed him exiting 53 Romeyn minutes before the police arrived at that location and found the victims' bodies.  While in police custody, and in the presence of investigators, Petitioner told his girlfriend that he "killed those boys on Romeyn Street" because he owed them money, they had beaten him, and threatened his girlfriend and her family.   Petitioner

---

[1]
The People did not proceed to trial on the second-degree murder counts that alleged that Petitioner engaged in depraved indifference murder in connection with two of the victims.  T.T. 309-311; see also Resp't Ex. A at 4 (Certificate of Conviction).

[2]
A hearing pursuant to People v. Huntley, 15 N.Y.2d 72 (1965), tests the voluntariness of a defendant's post-arrest statements.  A Wade hearing is held to assess whether the state used unduly suggestive identification procedures to obtain evidence against a defendant in violation of due process.  See United States v. Wade, 388 U.S. 218 (1967).

later signed a confession in which he stated that he went to the house on Romeyn Street armed with a handgun, and he started shooting after one of the occupants of the house yelled at him and reached for a gun.  T.T. 322-326, 330-522, 540, 677-683, 685-686, 704, 709-712, 713-714, 753-756, 835, 838-888, 894-896, 898-904, 967-969, 980, 982, 989.

### C.   Verdict and Sentencing

At the close of the trial, the jury found Petitioner guilty of Murder in the Second Degree and two counts of Manslaughter in the First Degree, as lesser-included offenses.  T.T. 1286-1287.  The jury found Petitioner not guilty of three counts of Murder in the First Degree and Criminal Possession of a Weapon in the Second Degree.  T.T. 1286-1287.  The court sentenced Petitioner to an indeterminate term of twenty-five years to life imprisonment for murder, and two determinate terms of twenty-five years imprisonment for the manslaughter counts.  The sentences were set to run consecutively.  See Resp't Ex. A at 4 (Certificate of Conviction).

### D.   Direct Appeal

Through counsel, Petitioner appealed his judgment of conviction on the following grounds: (1) he was entitled to a missing witness charge with respect to Davis; (2) the verdict was against the weight of the evidence; (3) the trial court committed reversible error by restricting Petitioner's cross-examination of Jermaine Gross; and (4) the trial court's failure to impose post-

release supervision for the sentences for first-degree manslaughter required that those sentences be vacated and that the matter be remitted for sentencing. <u>See</u> Resp't Ex. B. Petitioner also filed a *pro se* supplemental brief in which he argued that: (1) the trial court's jury instructions deprived him of a fair trial; (2) the verdict was repugnant; (3) his sentence violated <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), was violative of the Eighth Amendment, and that any resentencing would violate the Ex Post Facto clause; (5) the grand jury proceedings were defective; and (6) his statements were obtained in violation of his constitutional rights. <u>See</u> Resp't Ex. C.

The Appellate Division, Fourth Department determined that the trial court erred in failing to impose a period of post-release supervision in sentencing Petitioner on the first-degree manslaughter counts, thereby rendering the sentences with respect to those counts illegal. The appellate court modified the judgment by vacating the sentences imposed on the first-degree manslaughter counts, and remitted the matter to the trial court for re-sentencing. The court otherwise affirmed the judgment of conviction. <u>People v. Gross</u>, 71 A.D.3d 1526 (4th Dep't 2010) (Resp't Ex. H); <u>lv. denied</u>, 15 N.Y.3d 907 (2010) (Resp't Ex. K). On May 18, 2010, the Supreme Court resentenced Petitioner to a determinate term of twenty-five years imprisonment and five years post-release supervision on the two manslaughter counts. The court

directed that those sentences run consecutively with each other, and with Petitioner's sentence for murder.

### E.    Motion to Vacate the Judgment

On April 13, 2011, Petitioner filed a counseled motion, pursuant to N.Y. Crim. Proc. Law ("CPL") § 440.10, to vacate the judgment of conviction on the basis that the evidence was legally insufficient.  See Resp't Ex. L.  In an Order dated April 19, 2011, the Supreme Court denied Petitioner's motion, pursuant to CPL § 440.10(2)(c).  See Resp't Ex. M.  Petitioner did not appeal the decision of the Supreme Court.  See Resp't Mem. of Law at n.23 (Dkt. No. 16).

### F.    Habeas Corpus Petition

This habeas corpus petition followed, wherein Petitioner seeks relief on the following grounds: (1) the trial court improperly denied his application for a missing witness charge for Davis; (2) the evidence was legally insufficient to establish his guilt, and the verdict was against the weight of the evidence and repugnant; and (3) the trial court improperly limited the cross-examination of Jermaine Gross.  See Pet. ¶ 12, Grounds One-Three (Dkt. No. 1).   For the reasons that follow, Petitioner's request for a writ of habeas corpus is denied and the habeas petition is dismissed.

## III. Analysis of the Petition

## 1.   The Exhaustion Requirement & Procedural Default

This Court, sitting in habeas review, may not consider claims that have not been fairly presented to the state courts.  28 U.S.C. § 2254(b)(1); see Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing cases).  Unexhausted claims must be dismissed.  See Rhines v. Weber, 544 U.S. 269, 275-78 (2005); Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982); Rose v. Lundy, 455 U.S. 509, 510 (1982). The claim must have been presented to the highest state court that may consider the issue presented.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 162-63 (1996) (citing Picard v. Connor, 404 U.S. 270 (1971)).  A mere appeal to a broad constitutional guarantee, e.g., due process, is insufficient to present the substance of a constitutional claim to the state courts.  See id. at 163; Anderson v. Harless, 459 U.S. 4, 7 (1982).  A petitioner satisfies the fair presentation aspect of the exhaustion requirement by presenting the essential factual and legal premises of his federal constitutional claim to the appropriate state courts.  Acosta v. Artuz, 575 F.3d 177, 185 (2d Cir. 2009); Rosa v. McCray, 396 F.3d 210, 217 (2d Cir. 2005).  An issue is exhausted

-6-

when the substance of the federal claim is clearly raised and decided in the state court proceedings, irrespective of the label used.  <u>Jackson v. Edwards</u>, 404 F.3d 612, 619 (2d Cir. 2005). Exhaustion does not require that Petitioner have cited the "book and verse on the federal constitution." <u>Picard</u>, 404 U.S. at 278. A petitioner who does not cite the "book and verse of the Constitution" may nonetheless "fairly present to the state courts the constitutional nature of his claim" through:  (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation. <u>Daye v. Atty Gen. of State of N.Y.</u>, 696 F.2d 186, 194 (2d Cir. 1982) (en banc).

In New York, to invoke one complete round of the State's established appellate process, a criminal defendant must first appeal his or her conviction to the Appellate Division and then seek further review by applying to the Court of Appeals for leave to appeal.  <u>Galdamez v. Keane</u>, 394 F.3d 68, 74 (2d Cir. 2005). Claims are fairly presented to the New York Court of Appeals when the application for leave to appeal clearly states that all claims in the attached brief are being pressed, or no arguments are made in detail and the application simply requests review of all issues

outlined in the brief.   Jordan v. Lefevre, 206 F.3d 196, 199 (2d Cir. 2000);   see Morgan v. Bennett, 204 F.3d 360, 369-71 (2d Cir. 2000) (the application for leave to appeal did not specify any particular issue for review, but enclosed the briefs filed in the Appellate Division and requested the Court of Appeals to consider and review all issues raised in the appellant's brief and pro se supplemental brief).   Where the application for leave to appeal refers to specific claims raised before the Appellate Division but omits mention of others, the unmentioned claims are deemed abandoned.   Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991).   Where the application for leave to appeal argues one or more specific claims but only makes a passing reference to possible other claims found in the attached briefs, the claims mentioned in passing have not been fairly presented to the Court of Appeals.   Jordan, 206 F.3d at 198.

"[W]hen 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,'" federal habeas courts also must deem the claims procedurally defaulted." Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001)(citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)).

Courts will not review the merits of procedurally defaulted claims unless the petitioner can show (1) cause for the default and

actual prejudice resulting therefrom; or (2) that failure to consider the claim will result in a fundamental miscarriage of justice. <u>Aparicio</u>, 269 F.3d at 91.

## 2. Application

In this case, all of the claims raised in the habeas corpus petition are unexhausted because they were not properly raised in the state courts.

With respect to Petitioner's first claim -- that the trial court improperly denied his application for a missing witness charge for Davis -- that claim was raised on direct appeal, but was not raised in federal constitutional terms. In his counseled and *pro se* appellate briefs, Petitioner framed this claim as a state law violation and used state law authority to buttress his argument. <u>See</u> Resp't Ex. A at Point I, Ex. C at Point I. Further, when he raised this claim in his leave application, he specifically requested that the Court of Appeals determine whether the Appellate Division correctly applied the state law standards regarding missing witness charges set forth in <u>People v. Gonzalez</u>, 68 N.Y.2d 424 (1986). <u>See</u> Resp't Ex. I. Consequently, this claim remains unexhausted.

Similarly, with respect to Petitioner's insufficiency claim, this claim was raised in Petitioner's post-conviction motion to vacate, but he failed to appeal the denial of that motion. <u>See</u> <u>Pesina v. Johnson</u>, 913 F.2d 53, 54 (2d Cir. 1990) ("by failing to

appeal the denial of his Section 440.10 motion, [petitioner] has not fulfilled [the exhaustion] requirement . . . ."). Consequently, this claim also remains unexhausted.

Likewise, with respect to Petitioner's claims that the verdict was against the weight of the evidence and repugnant, Petitioner raised these claims on direct appeal but did not do so in federal constitutional terms.   See Resp't Exs. A, C.   Furthermore, Petitioner did not specifically seek review of these claims in his application for leave to appeal.   See Resp't Ex. I.   Rather, in his leave application, he addressed his missing witness claim in detail, while only mentioning that copies of the appellate briefs were enclosed.   Id.   Notably, Petitioner did not request that the appellate court review all of the issues in the briefs and/or review the remaining claims raised in said briefs. Consequently, these claims remain unexhausted.

Finally, with respect to Petitioner's claim that the trial court improperly limited the cross-examination of Gross, Petitioner properly raised this claim in federal constitutional terms in his *pro se* and counseled appellate briefs, but failed to seek review of the claim in his leave application.   See Resp't Ex. I.   As discussed *supra*, Petitioner abandoned this claim in his leave application when he argued his missing witness claim, in detail, while merely mentioning that copies of the briefs were enclosed. Consequently, this claim remains unexhausted as well.

-10-

Petitioner cannot return to state court to exhaust his claims because he has already made the one request for leave to appeal to which he is entitled. <u>See</u> N.Y. Court Rules § 500.20(a)(2) (providing in relevant part that "only one application is available [for leave to appeal to the Court of Appeals in a criminal case]"). If he were to raise the claims in another motion to vacate, it would be mandatorily dismissed under CPL § 440.10(2)(c) because the claims are matters of record that could have been raised on direct appeal, but unjustifiably were not. And, if he were to appeal the denial of his motion to vacate now, he would be time barred from doing so because CPL § 460.10(4)(a) imposes a 30-day limitations period for appeal from the denial of a CPL § 440.10 motion. As a result, the Court deems all of Petitioner's claims exhausted but procedurally defaulted from habeas review. Petitioner has not alleged cause and prejudice to overcome the default, nor has he alleged facts to avail himself of the miscarriage of justice exception.

Accordingly, all of Petitioner's claims are procedurally defaulted from review by this Court, and are denied on that basis.

## V. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is denied, and the petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right,"

28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:    October 9, 2012
          Rochester, New York